IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RICHARD F. McCUE, )
)
    Plaintiff, )
)
v. ) Case No. 3:05-cv-554
)
STEVEN ALDRIDGE, )
)
    Defendant. )

## REPORT AND RECOMMENDATION

This matter has been referred to Magistrate Judge Donald G. Wilkerson by District Judge David R. Herndon pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a) for a Report and Recommendation on the Motion for Default Judgment filed by the plaintiff, Richard F. McCue, on April 26, 2006 (Doc. 23). For the reasons set forth below, it is **RECOMMENDED** that the motion be **DENIED** that the Court adopt the following findings of fact and conclusions of law:

### FINDINGS OF FACT

On February 22, 2006, the plaintiff's complaint was screened pursuant to 28 U.S.C. §1915A and the United States Marshals Service (USMS) was ordered to effect service on the defendant, Steven Aldridge. Pursuant to the Order, requests for waiver of service were submitted to the USMS and a return was made as to defendant Aldridge on March 13, 2006 (Doc. 17). As the waiver was sent on February 28, 2006, defendant Aldridge's responsive pleading was due on May 1, 2006.

Defendant Aldridge timely filed his answer on April 28, 2006 (Doc. 22). In the pending motion, the plaintiff, who has since been appointed counsel but filed the motion while he was proceeding *pro se*, argues that the defendant improperly served discovery requests without first

filing a responsive pleading. The plaintiff also appears to state that he cannot respond the discovery requests until other defendants respond to his discovery requests.

## CONCLUSIONS OF LAW

Federal Rule of Civil Procedure 55(b) provides the mechanism for default judgment. However, prior to judgment being granted, an entry of default must be made pursuant to Rule 55(a). No entry of default has been made in this case. In any event, defendant Aldridge, has not defaulted as he timely filed an answer to the complaint. With respect to the plaintiffs concerns regarding the discovery process, the Court notes that the plaintiff now has appointed counsel, Bradley C. Allen, and any discovery issues should be brought to the Court's attention via counsel.

## CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** that the motion for default judgment be **DENIED** (Doc. 23) and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties shall have ten (10) days after service of this Recommendation to file written objections thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. Snyder v. Nolen, 380 F.3d 279, 284 (7th Cir. 2004); United States v. Hernandez-Rivas, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: July 21, 2006**

s/ *Donald G. Wilkerson*
**DONALD G. WILKERSON**
**United States Magistrate Judge**